# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RODNEY J. BOYD,

       Plaintiff,

    v.

ANDREW HEIN, DAVID R. MERKLE,
ANTHONY A. SALAMONE, and ABRAHAM
YASIN,

       Defendants.

No. 13 CV 8292

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

In November 2011, Rodney Boyd was a pre-trial detainee at the Cook County
Department of Corrections. Boyd claims that on November 14, one of the
correctional officers at the jail, Officer Hein, attacked Boyd for no reason during a
jail-division transfer. According to Boyd, the attack was witnessed by several other
officers, but they did nothing to prevent Boyd's resulting injuries. Boyd then filed
grievance complaints against Hein, after which, says Boyd, Hein abused him in
retaliation. In November 2013, Boyd sued Hein—as well as the Cook County
Sheriff's Office and Cook County Department of Corrections—for money damages.
The claims against the Sheriff's Office and Department of Corrections were
dismissed, but Boyd proceeded with his claims against Hein, ultimately filing a
second amended complaint in which Boyd alleged various violations of his
constitutional and state-law rights. In the second amended complaint, Hein also

added as defendants Officers Merkle, Salamone, and Yasin, and included a failure-to-intervene claim against those officers.

Defendants filed a motion to dismiss the current complaint on the ground that the claims are barred by their respective statutes of limitations, or because, in certain instances, the claims fail to state a proper claim for relief under Rule 8 of the Federal Rules of Civil Procedure. For the reasons discussed below, defendants' motion is granted in part and denied in part.

## I.     Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not include specific facts, but it must provide the defendant with fair notice of what the claim is, and the grounds upon which it rests. *Olson v. Champaign Cnty., Ill.*, — F.3d —, No. 12-3742, 2015 WL 1934388, at *4 (7th Cir. Apr. 30, 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must present enough factual matter, accepted as true, that the claim to relief "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In considering a Rule 12(b)(6) motion to dismiss, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (quoting *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010)).

## II.    Facts

In the fall of 2011, Rodney J. Boyd was a detainee at the Cook County Department of Corrections facility in Chicago. *See* [29] ¶¶ 5, 9.[1] Boyd was at this time housed in Division 11 of the jail, but was told on November 14 that he would be relocated to Division 10. *See id.* ¶¶ 9, 11.[2] Around eight o'clock that evening, Officers Andrew Hein and Anthony Salamone, two correctional officers stationed at the jail, approached Boyd to escort him to Division 10. *See id.* ¶¶ 7, 12. This, according to Boyd, is when the trouble began.

Boyd claims that he was never given any reason for the transfer to Division 10, and when Hein and Salamone approached him on November 14, Boyd asked them if he could speak with a sergeant about the move. *See id.* ¶ 12. Officer Salamone responded by handcuffing Boyd, after which Officer Hein forced Boyd to the ground, struck him in the face, and then slammed his head into the metal bars on a nearby elevator door. *See id.* ¶¶ 12–13. Salamone did not intervene in the alleged attack, and nor did Officer David Merkle or Officer Abraham Yasin, two correctional officers who were standing nearby. *See id.* ¶¶ 14–15. Boyd was taken to a local hospital, where it was determined that he had a broken jaw and fractured

---

[1] Citations to the record are designated by the document number as reflected on the district court's docket, enclosed in brackets; referenced page numbers are from the CM/ECF header placed at the top of filings. The facts related in this opinion are taken largely from Boyd's second amended complaint.

[2] Boyd's second amended complaint states only that Boyd was an inmate at the jail at all times relevant to the complaint. *See* [29] ¶ 5. The complaint does not specify whether Boyd was at that time a pre-trial detainee or a sentenced prisoner. Since the Cook County Department of Corrections holds primarily pre-trial detainees, *see* http://www.cookcountysheriff.com/doc/doc_main.html (last visited June 1, 2015), it may reasonably be assumed that Boyd was a pre-trial detainee while he was located there.

ribs, as well as a neck injury. *See id.* ¶¶ 16–17. He was discharged four days later and returned to the jail, where he began to have nightmares about the incident. *See id.* ¶¶ 19–20.

Boyd filed with the Cook County Jail Grievance Board grievance complaints against Officer Hein. *See id.* ¶ 21. It is unclear from the pleadings exactly when Boyd did this, but presumably he did so at some point after leaving the hospital and returning to the jail. Boyd claims that he exhausted the grievance process, but the details of his alleged exhaustion are currently unknown. *See id.* ¶ 8. After filing his grievances, Boyd claims that Officer Hein continued to attack or otherwise harass him: first by threatening Boyd with serious bodily injury when he returned late to the jail one day after appearing in court; then by hitting Boyd in the face with a lunch tray and wrestling him to the ground. *See id.* ¶¶ 21–22. The pleadings are vague as to when, precisely, these events allegedly took place (and whether they occurred in succession or at different times), but Boyd was apparently handcuffed and in his cell during both incidents. *See id.* ¶ 22. Boyd also claims that while taking Boyd to an appointment for a psychological evaluation (the date of which is also unknown), Hein again struck him and made additional threats. *See id.* ¶ 23.

On November 18, 2013, Boyd filed a *pro se* complaint against Hein under 42 U.S.C. § 1983, [1], alleging that Hein had violated Boyd's civil rights by using excessive or unnecessary force against Boyd, *see id.* at 4–5. Boyd also named as defendants the Cook County Sheriff's Office and Cook County Department of Corrections, alleging negligence against the former and negligence and aggravated

battery against the latter. *See id.* at 2, 4. Because Boyd did not allege that his injuries resulted from a county policy or practice, the claims against the municipal defendants were dismissed pursuant to 28 U.S.C. § 1915A. *See* [4] at 2. Boyd's original claim against Officer Hein was also dismissed, as the allegations were vague as to when or where any of the supposed incidents had taken place, or who exactly had participated in (or at least been present for) them. *See* [16]. Boyd was permitted to file an amended (*pro se*) complaint, which he did on April 22, 2014. *See* [17]. Boyd's motion for appointment of counsel, [15], was subsequently granted, *see* [23]; and Boyd, through his attorney, filed on September 10, 2014 his second amended complaint, [29].

Boyd's second amended complaint includes nine counts—eight against Officer Hein, and one against Officers Merkle, Salamone, and Yasin for failure to intervene in the incident on November 14, 2011, *see* [29] ¶¶ 36–39 (Count V). Against Officer Hein, Boyd alleges: (1) use of excessive force during the November 14 incident, in violation of Boyd's rights under the United States Constitution, *see id.* ¶¶ 24–26 (Count I); assault and battery on November 14, in violation of Boyd's rights under state law, *see id.* ¶¶ 40–45 (Counts VI, VII); (3) use of excessive force during the incidents that followed the filing of Boyd's grievance complaints against Hein, *see id.* ¶¶ 27–29 (Count II); (4) assault and battery for the post-grievance incidents, *see id.* ¶¶ 46–51 (Counts VIII, IX); (5) continued "harassment" in violation of Boyd's constitutional rights, *see id.* ¶¶ 30–32 (Count III); and (6) retaliation for filing the grievances, *see id.* ¶¶ 33–35 (Count IV). Defendants move to dismiss Boyd's claims

on the ground that the statute of limitations has expired, or, in certain instances, because Boyd has failed to state a proper claim for relief. *See generally* [34].

## III. Analysis

### A.    The November 14 Incident (Counts I, VI, and VII)

Defendants first move to dismiss the claim that Hein used excessive force against Boyd on November 14, 2011 (Count I). Defendants argue that this claim is untimely because Boyd filed his original complaint after the applicable statute of limitations had run. *See* [34] at 5–6. The excessive-force claim is brought under Section 1983, and Section 1983 actions are governed by the personal-injury limitations period of the forum state—here, Illinois. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citations omitted); *Campbell v. Forest Preserve Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 668 (7th Cir. 2014). Illinois employs a two-year statute of limitations for personal-injury claims, *see O'Gorman*, 777 F.3d at 889; *see also* 735 ILCS 5/13-202; so Boyd's excessive-force claim also has a two-year statute of limitations.

Boyd claims that Officer Hein struck him and slammed his head against an elevator door on November 14, 2011. Thus, to fall within the limitations period, Boyd would have had to file his excessive-force claim by November 14, 2013. But Boyd did not file his original complaint until November 18, 2013—four days after the nominal limitations period had expired. Boyd's excessive-force claim was not necessarily tardy, however, because the statute of limitations for Section 1983 suits is tolled while prisoners exhaust the administrative grievance process. *See Turley v.*

*Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001)). From the complaint here, we know only that Boyd claims to have exhausted the grievance process at the jail, *see* [29] ¶ 8; we do not yet know whether he in fact exhausted all available administrative remedies, and if he did so, when he completed that process. Boyd was not obligated to include in his complaint facts establishing the duration of any tolling, since complaints "need not anticipate and overcome affirmative defenses" such as a statute-of-limitations defense, *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). That tolling *may* apply is enough to avoid dismissal at this stage of the litigation.[3]

Different rules govern Boyd's state-law claims. Boyd's claims of assault (Count VI) and battery (Count VII) are claims brought under state law, not Section

---

[3] Defendants contend that "[i]f there are doubts as to whether Plaintiff properly attempted to exhaust his administrative remedies sufficient to toll the statute of limitations," the court should hold a *Pavey* hearing on the exhaustion issue before allowing the action to proceed as a whole. [50] at 4 (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). In *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the court of appeals held that "a prisoner is not entitled to a jury trial on contested issues regarding his failure to exhaust." *Wagoner*, 778 F.3d at 590. Rather, the district court must hold a hearing on exhaustion to determine if the prisoner exhausted his administrative remedies, or, if he did not, whether he ought to be given another chance to do so. *See id.* (quoting *Pavey*, 544 F.3d at 742). It is for the district court to determine exhaustion because, at bottom, disputes about exhaustion are forum disputes: if the prisoner has properly exhausted his administrative remedies, his case will proceed in the district court; if he has not, his claims will proceed only through administrative channels. Juries do not resolve forum disputes—only cases. *Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1160–61 (7th Cir. 2012). If defendants here claim that Boyd did not properly exhaust the administrative remedies available to him, then a *Pavey* hearing would be appropriate. If, however, defendants concede proper exhaustion but seek only to point out that plaintiff has not yet established how *long* exhaustion took—and thus how long the statute of limitations was tolled—this is not a forum dispute, and a *Pavey* hearing would not be necessary.

1983—which means two things: first, the limitations period is one year, not two (in Illinois, tort claims against a municipality or one of its employees carry a one-year statute of limitations, *see Henderson v. Bolanda*, 253 F.3d 928, 931–32 (7th Cir. 2001) (citing 745 ILCS 10/8-101)); and second, the limitations period is *not* tolled during exhaustion of the grievance process (Illinois does not count as part of the limitations period delay due to a statutory prohibition, *see Johnson*, 272 F.3d at 521 (quoting 735 ILCS 5/13-216), but exhaustion is not such a prohibition for state-law claims, *see* 42 U.S.C. § 1997e(a) (requiring exhaustion only for violations of federal law)). Boyd claims that Officer Hein attacked him without provocation on November 14, 2011; so, for Boyd's assault and battery claims to have been timely, Boyd would have had to file those claims by November 14, 2012. But these claims first appeared in Boyd's second amended complaint, which Boyd did not file until September 2014—long after the limitations period had run.

Nevertheless, claims first asserted in an amended complaint, like the state-law claims at issue here, may in some instances relate back to the original complaint and so assume the latter's filing date for purposes of determining timeliness. But using the original complaint's filing date does not save Boyd's state-law claims against Hein. Those claims were tardy if filed after November 14, 2012, and the original complaint was not filed until November 2013. Counts VI and VII of Boyd's second amended complaint may therefore be dismissed.

Boyd argues that it is unusual to dismiss a claim at the pleading stage based solely on a statute-of-limitations defense, and so his claims against Officer Hein

should not be dismissed here. *See* [47] at 5–6 (citing *Cancer Foundation*, 559 F.3d at 674). The more typical approach, it is true, is to deny such motions since, as noted earlier, plaintiffs need not anticipate and overcome affirmative defenses in their complaints. *See Sidney Hillman*, 782 F.3d at 928. Dismissal is nonetheless appropriate, however, where the complaint itself sets forth "everything necessary to satisfy the . . . defense." *Id.* (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). And so it is here. The allegations set forth in Boyd's second amended complaint make clear that the limitations period for his claims of assault and battery—that is, those based on the November 14 incident—ran out on November 14, 2012, and not even Boyd's original complaint had been filed by that time. Since the administrative-exhaustion rule does not toll the statute of limitations for state-law claims, and since Boyd has not argued that any other tolling rule applies to these claims, dismissal is appropriate.

Defendants' motion to dismiss the excessive-force, assault, and battery claims arising from the events on November 14, 2011, is therefore granted in part and denied in part. The motion is granted as to the state-law claims for assault and battery (Counts VI and VII). The motion is denied as to Boyd's excessive-force claim under Section 1983 (Count I).

## B. The Post-Grievance Incidents (Counts II, IV, VIII, and IX)

Boyd also brings various claims against Officer Hein based on actions that Hein purportedly took after Boyd filed grievance complaints against him. Boyd

again asserts that Hein used unreasonable force—this time by slamming Boyd in the head with a lunch tray when he was handcuffed in his cell, and by hitting Boyd while en route to a psychological evaluation—and that Hein made verbal threats about Boyd's safety. *See* [29] ¶¶ 22–23. As before, Boyd brings claims for excessive force under Section 1983 (Count II), and for assault and battery under Illinois law (Counts VIII and IX).

The excessive-force claim is subject to the same two-year statute of limitations already discussed. Defendants again assert that the limitations period expired on November 14, 2013, *see* [34] at 6, but defendants appear to have conflated Boyd's second excessive-force claim with his first. Count II is based on Officer's Hein's actions after Boyd filed grievances against him (after the events that support Count I). *See* [29] ¶¶ 21–23 (explaining what Boyd believes to have happened after he filed the grievance complaints). The complaint does not allege when the latter events occurred, but the most logical assumption is that they took place sometime after November 18, 2011, since it was on that date that Boyd returned to the jail after receiving treatment for injuries sustained on November 14, *see id.* ¶ 19.

If Boyd's second excessive-force claim is based on events that took place *after* Boyd filed his grievances, and it is assumed that he filed those grievances no earlier than November 18, 2011, then the statute of limitations for this claim expired no earlier than November 18, 2013. As Boyd filed his original complaint on that date, it is entirely conceivable that he brought the second excessive-force claim during the

applicable limitations period. Consequently, this claim cannot yet be dismissed. *See Sidney Hillman*, 782 F.3d at 928 (citing *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992)). (It may also be the case that Boyd exhausted the administrative grievance process for his second excessive-force claim, too, *see* [29] ¶ 8 (alleging generally that plaintiff exhausted "all administrative remedies"), in which case the limitations period would have been tolled for a certain period of time—thus pushing the file-by date beyond even November 18, 2013.)

Boyd's second set of state-law claims—again for assault and battery (Counts VIII and IX)—present a trickier issue since, to be timely, these claims would have had to have been filed within a year of when the underlying events occurred; and, as just noted, we do not yet know when exactly those events took place. We do know, however, that these state-law claims at least relate back to the original complaint. The original complaint referenced repeated attacks by Officer Hein, *see* [1] at 4, but described in more detail only a single, 15-minute incident that occurred on an unspecified date, *see id.* at 4–5. In its order dismissing the initial complaint, the court granted plaintiff leave to provide in an amended complaint additional details about the incidents originally complained of. *See* [16]. Boyd did file an amended complaint, and in it included allegations now underlying Boyd's second set of assault and battery claims against Officer Hein. *See* [17] at 6 (alleging that Hein harassed Boyd and threw a food tray in his face). The first amended complaint demonstrates that Boyd at least tried to set out in his original pleading the

allegations relevant to Counts VIII and IX of the second amended complaint. Those claims, therefore, relate back to the original filing. *See* Fed. R. Civ. P. 15(c)(1)(B).

The original complaint was filed on November 18, 2013. So, for the second set of state-law claims to have been timely under the relation-back rule, the events underlying those claims must have occurred *no earlier than* one year before that date—*i.e.*, no earlier than November 18, 2012. Because it is not yet known when precisely these events occurred, and because it is at least possible that some of them took place in the year leading up to November 18, 2013, the claims cannot now be dismissed as untimely.

Defendants argue in the alternative that the claims based on post-grievance incidents are nonetheless insufficient because they fail to provide adequate notice of what those claims truly are. As pleaded, say defendants, the claims are impermissibly vague because the allegations supporting them do not indicate when or where the critical events took place. *See* [34] at 6–7. It is true that Boyd does not specify in his second amended complaint the precise date or dates on which the post-grievance incidents allegedly occurred. But the complaint nonetheless provides Officer Hein with sufficient notice of what Boyd's post-grievance claims entail. Boyd claims that Hein assaulted, battered, or used excessive force against Boyd when Hein: (1) hit Boyd with a lunch tray and wrestled him to the ground when Boyd was handcuffed in his cell; (2) hit Boyd and threatened him verbally when taking him to a psychological evaluation; and (3) threatened to cause Boyd serious bodily harm when Boyd returned late one day from a court appearance. *See* [29] ¶¶ 22–23. These

allegations are detailed enough for Hein to form a reasonable understanding of what Boyd claims to have taken place, and, accordingly, for Hein to respond to Boyd's current complaint. Additional details will no doubt come to light during discovery, but Boyd's second set of assault, battery, and excessive-force claims are sufficient to withstand defendants' motion to dismiss.

Defendants next argue that these claims are simply too "sketchy" to permit a reasonable inference that Officer Hein is liable for the alleged misconduct. *See* [34] at 7. Under Illinois law, the civil tort of assault is defined as creating in the plaintiff a "reasonable apprehension of an imminent battery." *McNeil v. Carter*, 318 Ill.App.3d 939, 944 (3d Dist. 2001) (citing *Rosenberg v. Packerland Packing Co.*, 55 Ill.App.3d 959 (1977)). Battery, in turn, is defined in civil law as the unauthorized touching of another person. *See Wilson v. City of Chicago*, 758 F.3d 875, 879 (7th Cir. 2014) (quoting *Curtis v. Jaskey*, 326 Ill.App.3d 90 (2001)). More specifically, a plaintiff alleging the common-law tort of battery must show that the defendant intended to cause harmful or offensive contact, and did in fact cause such harmful or offensive contact (whether directly or indirectly). *See Bakes v. St. Alexius Med. Ctr.*, 955 N.E.2d 78, 85–86 (Ill. App. Ct. 2011) (citations omitted). Boyd has alleged enough details to plausibly suggest that Officer Hein made harmful or offensive contact with Boyd when Hein hit him with a lunch tray and, later, when Hein struck him while on the way to Boyd's psychological evaluation. *See* [29] ¶¶ 22–23. That Hein *intended* to make such contact may be alleged generally, *see* Fed. R. Civ. P. 9(b), which Boyd has done here, *see* [29] ¶ 50. Boyd also alleges that Hein made

several verbal threats to Boyd's physical safety, including that Hein would cause him "serious bodily injury." *See id.* ¶ 22. Such purported threats are enough to support a claim of assault if accompanied by allegations plausibly suggesting that Boyd reasonably feared Officer Hein would soon make good on those threats. *See McNeil*, 318 Ill.App.3d at 944 (requiring "apprehension of an *imminent* battery") (emphasis added). Boyd's complaint passes muster in this respect, too, since Boyd also alleges that Hein made "threatening gestures" along with his "threatening words." [29] ¶ 47. Thus, the complaint reasonably indicates that Hein could be liable under Illinois law for actions he allegedly took after Boyd filed his grievance complaints against him.

The complaint also suggests that Boyd could prevail on his second excessive-force claim (Count II). Boyd frames this claim as an Eighth Amendment claim, *see* [29] ¶ 28 (alleging a violation of Boyd's right to be free from cruel and unusual punishment). But assuming that, at the time of the relevant incidents, Boyd was only a pre-trial detainee and not a sentenced prisoner, his excessive-force claim is governed not by the Eighth Amendment but by the Fourteenth. *See Kingsley v. Hendrickson*, 744 F.3d 443, 448–49 (7th Cir. 2014), *cert. granted*, 135 S.Ct. 1039 (2015) ("The constitutional source of [the protection for pre-trial detainees] lies in the right to be free from deprivations of liberty without due process of law." (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979))). Constitutional restraints on pre-trial liberty do not include abusive conduct that is more than gross negligence. *See id.* at

450 (explaining that, for a due-process violation to occur, an official's conduct must at least be reckless) (citations omitted).

Boyd alleges in his complaint that, after he filed his grievances against Hein, Hein hit Boyd in the head with a lunch tray while the latter was handcuffed in his cell. *See* [29] ¶ 22. If true, then Hein hit Boyd when the latter was confined to a small area—where, one may assume, he was not at risk of endangering other inmates—and when Boyd was limited in movement by wrist restraints. Drawing all inferences in Boyd's favor, these allegations plausibly suggest that Hein applied unreasonable force, and that he did so with at least reckless disregard of Boyd's safety. This is enough to allege a due-process violation. *See Kingsley*, 744 F.3d at 452–53. (Indeed, if viewed in Boyd's favor, these allegations reasonably suggest malice on Hein's part—as opposed to a good-faith attempt to maintain or restore discipline—which would be sufficient to show not just punishment, but cruel and unusual punishment under the Eighth Amendment. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667–68 (7th Cir. 2012) (citation omitted). Uses of force that violate the Eighth Amendment necessarily violate the Due Process Clause. *See Kingsley*, 744 F.3d at 449 (citing *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009)).). Thus, the second amended complaint properly states a claim for the violation of Boyd's Fourteenth Amendment rights.

Defendants also take issue with Boyd's retaliation claim (Count IV), which defendants similarly argue is too vague or too sketchy to state a proper claim for relief. *See* [34] at 7. Boyd complains that Hein threatened to harm him, and did

harm him, in retaliation for filing grievances against Hein. *See* [29] ¶ 34.[4] To succeed on a First Amendment retaliation claim, Boyd must show: (1) that he engaged in activity protected by the First Amendment: (2) that he suffered a deprivation likely to deter First Amendment activity in the future; and (3) that the First Amendment activity was "at least a motivating factor" in the decision to take retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Boyd's current complaint satisfies all three elements.

Prisoners have a constitutional right of access to the courts, which includes the right to exhaust any administrative remedies that must be exhausted before the inmate may properly seek legal relief in court. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)). Unless it is frivolous, a prisoner's grievance is therefore speech protected by the First Amendment, and prison officials may not retaliate against a prisoner who engages in such speech. *See id.*; *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (noting that non-frivolous grievances about conditions of confinement are deemed "petitions for redress of grievances" under the First Amendment) (citations omitted). There has been no suggestion that Boyd's grievances were frivolous, so it may be assumed, at least at this stage of the litigation, that when Boyd initiated his

---

[4] Boyd designates his retaliation claim an Eighth Amendment claim, *see* [29] ¶ 34, but the claim is more properly characterized as one arising under the First Amendment. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *see also Mays v. Springborn*, 719 F.3d 631, 633 (7th Cir. 2013) (citing *Dobbey v. Ill. Dep't of Corrs.*, 574 F.3d 443, 446–47 (7th Cir. 2009)); *Dobbey*, 574 F.3d at 446–47.

grievance complaints, he engaged in protected activity. Boyd contends that, as a result of his protected activity, Hein subjected him to (further) physical attacks—including, for example, the incident with the lunch tray—and threatened Boyd's physical safety on multiple occasions. *See* [29] ¶¶ 21–23. If true, this is enough to infer that Hein's behavior likely "would deter a person of ordinary firmness" from exercising his First Amendment rights in the future, *Bridges*, 557 F.3d at 552 (citation and internal quotation marks omitted). It may also be inferred that Boyd's First Amendment activity was at least a motivating factor in Hein's actions, since Boyd alleges that Hein initiated the above threats and attacks "[a]lmost immediately after" Boyd filed the grievances against Hein. *See* [29] ¶ 21. This is sufficient to suggest a retaliatory motive.

Defendants' motion to dismiss the excessive-force, assault, and battery claims arising from events that occurred after Boyd filed his grievances (Counts II, VIII, and IX), and to dismiss the retaliation claim (Count IV), is therefore denied.

## C.     The Harassment Claim (Count III)

In Count III of his second amended complaint, Boyd claims that Officer Hein violated his constitutional rights by engaging in "continued verbal and physical harassment." [29] ¶ 31. Defendants again argue that this claim is too vague or too sketchy to state a proper claim for relief. *See* [34] at 6–7. What plaintiff claims in Count III is indeed unclear. The claim is based on the supposed harassment by Officer Hein, which Boyd says consisted of "serious physical threats." [29] ¶ 31; *see also id.* (referring to a specific "psychological injury" from November 14, 2011). But

Boyd later asserts that the harassment caused him both psychological injury *and* "great bodily harm." *Id.* ¶ 32. Thus, the complaint is vague as to whether Boyd is claiming a violation of his constitutional rights based solely on allegations of psychological trauma, or if instead he is basing Count III on allegations of emotional *and* physical harm.

The difference matters. If a prisoner or detainee is successful in proving that the defendant's excessive force caused him physical injury, then the plaintiff can recover compensatory damages for any resulting mental or emotional suffering—without having to establish the officer's intent as to the psychological injury itself. A detainee may also obtain relief for purely psychological injuries—that is, injuries not stemming from an underlying physical harm—but to prevail on that kind of claim, the detainee must show that the defendant officer was at least recklessly indifferent to the plaintiff's mental or emotional wellbeing. *Cf. Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (explaining, in the context of Eighth Amendment prohibitions, that the prisoner must demonstrate a "wanton infliction *of psychological pain*" (citing *Hudson v. McMillian*, 503 U.S. 1, 16 (1992); *Delaney v. DeTella*, 256 F.3d 679, 685 (7th Cir. 2001); *Babcock v. White*, 102 F.3d 267, 273 (7th Cir. 1996))) (emphasis added). The relief available for purely psychological injuries is also more limited. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (explaining that, in such instances, prisoners may obtain only injunctive relief, nominal damages, or punitive damages) (citing 42 U.S.C. § 1997e(e); *Calhoun*, 319 F.3d at 940–41; *Washington v. Hively*, 695 F.3d 641, 643–44 (7th Cir. 2012)).

Defendant Hein is entitled under Rule 8 to have fair notice of what Boyd's claims are, and of the grounds upon which they rest. *Olson*, 2015 WL 1934388, at *4. As currently pleaded, Count III of Boyd's complaint does not provide the required notice. Defendants' motion to dismiss Count III of the second amended complaint is therefore granted. As Boyd may conceivably cure the above deficiencies through amendment, however, the dismissal is without prejudice.

### D. The Failure-to-Intervene Claim (Count V)

Boyd alleges that Officers Merkle, Salamone, and Yasin were present during the incident on November 14, 2011—when Officer Hein purportedly struck Boyd in the face and slammed his head into an elevator door—but failed to intervene as they ought to have done. *See* [29] ¶¶ 14–15, 36–39 (Count V). Defendants argue that this claim must be dismissed, with prejudice, because the statute of limitations has run. *See* [34] at 3–4. Boyd contends that this claim was timely filed because it relates back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. *See* [47] at 6–8.

Boyd's failure-to-intervene claim is brought under Section 1983, so the statute-of-limitations period is two years. *O'Gorman*, 777 F.3d at 889. The allegedly-unconstitutional incident in which defendants Merkle, Salamone, and Yasin purportedly failed to intervene took place on November 14, 2011; thus, the limitations period expired on November 14, 2013. Boyd did not assert his failure-to-intervene claim until September 10, 2014, *see* [29]—well after the operative date. But if the claim relates back to the first complaint (and the file-by date for that

claim was tolled for administrative exhaustion until at least November 18, 2013), then it may yet be saved.

Defendants Merkle, Salamone, and Yasin were not named as defendants to the original complaint, [1], so the claim against them is not only a new claim, but a new claim against new defendants. Such claims are governed by Federal Rule of Procedure 15(c)(1)(C), which provides that a newly-added claim relates back to the date of the original pleading where (1) the claim arises from the "conduct, transaction, or occurrence set out . . . in the original pleading"; and (2) the party against whom the claim is asserted, within the period described in Rule 4(m):

> (i) received such notice of the action that [the party] will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Rule 4(m) requires that defendants to a complaint be served within 120 days after the complaint has been filed, though the service period may be extended upon a showing of good cause. *See* Fed. R. Civ. P. 4(m).

The claim against Officers Merkle, Salamone, and Yasin arises from events set out in the original pleading. In his initial complaint, Boyd described how Officer Hein allegedly "bludgeoned [his] face" and "broke [his] jaw"—the occurrences that, as discussed above, Boyd later clarified as having taken place on November 14, 2011. The November 14 incident is the same incident in which Boyd now claims defendants Merkle, Salamone, and Yasin failed to intervene. *See* [29] ¶ 36 (incorporating by reference paragraphs 1–16 of the second amended complaint); *id.*

¶¶ 11–16 (describing the events that allegedly occurred on November 14, 2011). Since the new claim arises from events set out in the original pleading, the next question is whether Officers Merkle, Salamone, and Yasin may be properly named as defendants to this claim. The answer is "yes" if, in his original complaint, Boyd made "an identity mistake as to the proper party to be named," and that mistake is chargeable to the new defendants—that is, they are chargeable with knowledge of the mistake. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 853 (7th Cir. 2008); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citation omitted).

An identity mistake of the kind described in Rule 15(c) is one in which the plaintiff has named "the wrong *type* of defendant," *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); in other words, the plaintiff has sued an institutional defendant when he should have sued an individual one (or vice versa), *see Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 557, 560 (7th Cir. 1996); *cf. Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011) ("A failure to identify the proper party is a mistake not about the defendant's name but about who is liable for the plaintiff's injury."). Boyd stated in his original complaint— which he filed *pro se*—that he was suing the Cook County Sheriff's Office because Hein "beat [Boyd] and [Hein's] c/o witnessed this *and did not attempt to stop it*." [1] at 4 (emphasis added). The district courts "have a special responsibility to construe *pro se* complaints liberally." *Donald*, 95 F.3d at 555. Construed liberally, this statement from Boyd's first complaint reasonably suggests that, before counsel was

appointed, Boyd mistakenly thought he could hold an institutional party (the Sheriff's Office) liable for an individual's failure to intervene in another officer's actions. Thus, Boyd's original complaint reasonably indicates that he made the type of mistake required for relation back under Rule 15(c). The substance of Boyd's original claim against the Sheriff's Office is that correctional officers other than Hein witnessed Hein's tortious activities but failed to stop them. The originally-filed complaint therefore "indicates the existence of claims against individual officials not specifically named in the caption of the complaint," *id.*, and—assuming the other requirements of Rule 15(c) are satisfied—Boyd should be afforded a fair opportunity to pursue such claims through an amendment, as he seeks to do here, *see id.*

Of course, Boyd did not identify all of the relevant individuals directly by name (Merkle, Salamone, Yasin) until filing his second amended complaint, and thus after the statute of limitations had likely expired.[5] Defendants argue that the delayed identification dooms the failure-to-intervene claim, since plaintiffs generally cannot substitute "John Doe" defendants with named defendants after the limitations period has run. [34] at 4. Defendants are correct that "[n]ot knowing a defendant's name is not a mistake under Rule 15." *Jackson*, 541 F.3d at 696 (discussing, *e.g.*, *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993)); *see also United States v. Norwood*, 602 F.3d 830, 837–38 (7th Cir. 2010) (distinguishing a mistaken identity under Rule 15 from cases in which the plaintiff names as defendant a

---

[5] If Boyd exhausted the administrative grievance process as to his failure-to-intervene claim, then the statute of limitations for that claim was tolled. As discussed above, the exact date the limitations period ended is not yet known.

fictitious party, or no party at all) (citing *King*, 201 F.3d at 914). But the circumstances here do not suggest that what Boyd filed was a John Doe complaint. Indeed, Boyd's first amended complaint—also filed *pro se*—names Salamone as one of the witnesses to the purported attack. *See* [17] at 5. The *pro se* pleadings indicate that Boyd's mistake was instead in believing that, by suing the Cook County Sheriff's Office, he had named the defendant who could be held liable for the failure to intervene. The *pro se* pleadings are sufficient to show a mistake of the type contemplated by Rule 15(c).

The mistaken-identity requirement is not the only requirement for relation back, however. The mistake must also be chargeable to the newly-added defendants. This means that, within the time period set forth in Rule 4(m), defendants Merkle, Salamone, and Yasin must have received notice of Boyd's suit against the Sheriff's Office—such that they would not now be prejudiced by having to defendant against that suit—and must have known (or at least should have known) that, but for the mistake of identity, they were the appropriate objects of the failure-to-intervene claim. *See* Fed. R. Civ. P. 15(c)(1)C. At this stage of the case, this aspect of defendants' statute-of-limitations defense cannot be resolved on the pleadings. If Merkle, Salamone, and Yasin did not receive the requisite notice within the Rule 4(m) period—presumptively set at 120 days from the filing of the earlier complaint, *see* Fed. R. Civ. P. 4(m)[6]—then the failure-to-intervene claim cannot relate back to the original complaint and the statute of limitations likely

---

[6] One hundred and twenty days from the filing of Boyd's original complaint (filed November 18, 2013, *see* [1]) would be March 18, 2014.

bars plaintiff's claim. But nothing is known, at this juncture, about when these defendants first learned of Boyd's suit. The merits of defendants' statute-of-limitations defense turns on when they learned of the suit, and plaintiff did not plead himself out of court on that issue. Therefore, resolving the issue on a motion to dismiss would be "irregular" and inappropriate. *See Sidney Hillman*, 782 F.3d at 928. Defendants' motion to dismiss Count V of the second amended complaint is accordingly denied, without prejudice to asserting the statute-of-limitations and relation-back arguments on a more developed factual record.

## IV.     Conclusion

For the reasons discussed above, defendants' motion to dismiss Boyd's second amended complaint, [34], is granted in part and denied in part. The motion is granted as to Boyd's state-law claims for assault and battery arising from the events on November 14, 2011 (Counts VI, VII). These claims are dismissed with prejudice. The motion is also granted as to Boyd's "harassment" claim under Section 1983 (Count III), which is dismissed without prejudice. The motion is denied as to the remaining counts. At the next status hearing, the parties shall be prepared to discuss a schedule for discovery and any *Pavey* hearing.

ENTER:

Manish S. Shah
United States District Judge

Date: 6/1/15